## BUTTERICK *vs.* ATKINSON.

A sheriff returned upon an execution " *non est inventus,*" but without date ;  in a
" *scire facias*"  against the  bail, the return was held not to be sufficient to prove
the allegation, that the officer kept the execution  in  his hands  until the return
day.

THIS was a *scire facias* against  the  defendant  as  bail  of
*James Conner.*   There  was  an averment in the *scire facias,*
that *J. M.* a deputy  sheriff, to  whom the execution against
the principal was delivered, gave notice to  the defendant in
writing, on the 12th January, 1824, that  the  execution was
in his hands, &c. and also an averment,  that *J. M.* kept the
execution in his hands, from the said 12th January,  until the
return day thereof.

*J. M.* the deputy sheriff, made his return, as follows, upon
the execution against the principal.

" Strafford, ss.   On the 12th January, 1824, I gave *D.*
" *C. A.* &c. a notice in writing, &c.

J. M., *D. Sheriff.*"

" The within named *James Conner non est inventus.*

J. M., *D. Sheriff.*"

And the question was, whether the return of the sheriff was sufficient to prove the averment, in the *scire facias*, that the officer kept the execution in his hands until the return day.

On behalf of the plaintiff it was contended, that the return of *non est inventus* being without date, it must be presumed to have been made on the return day. And if the officer had the execution in his hands on the return day, the presumption was, that he had kept it, from the time he gave notice, until that day.

*Woodbury*, for the defendant, cited the case of *Chadbourne vs. Hodgdon*, 1 *N. H. Rep.* 359.

*By the court.* If it distinctly appeared in this case, that the officer had the execution in his hands on the return day, we are of opinion, that it might be presumed, that he had kept it in his hands, from the time he gave notice, until the return day. But the return of *non est inventus* is without date ; and it in no way appears, that the officer had the execution on the return day. We think, it would be going much too far to presume, that the officer had the execution on the return day, and thus make that presumption the ground of another, that he had kept it in his hands until that time. The statute of June 23, 1818, enacts, that " the officer shall keep such execution " in his hands, until the return day thereof, in order that the " bail may produce the principal to the officer, that he may " arrest him on said execution." And regularly the officer ought to state in his return, that he so kept the execution.— But, in this case, that fact is not stated, nor is any fact stated, from which it can be presumed, that the officer kept the execution in his hands until the return day.

*Judgment for the defendant.*